IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO ESPINOZA,                          No.  CIV.S-94-1665 LKK DAD DP

       Petitioner,

   v.                                      <u>ORDER</u>

S.W. ORNOSKI, Acting Warden
of the California State
Prison at San Quentin,                     **<u>DEATH PENALTY CASE</u>**

       Respondent.
_____/

     This action, a petition for a writ of habeas corpus
challenging a capital conviction and sentence pursuant to 28 U.S.C. §
2254, came before the court on February 28, 2006, for hearing on
petitioner's motion for leave to file a second amended petition.
Andrea G. Asaro and Gail R. Weinheimer appeared on behalf of
petitioner.  Deputy Attorney General Sean M. McCoy and Supervising
Deputy Attorney General Harry Columbo appeared on behalf of
respondent.  For the reasons set forth below, petitioner's motion
will be granted in part and denied in part.

1

**PROCEDURAL BACKGROUND**

In 1986 petitioner was convicted of multiple murders and sentenced to death in the San Joaquin County Superior Court in connection with the killing of two teenage girls.  In October of 1992 the California Supreme Court affirmed petitioner's convictions and sentence on direct appeal and denied his first state habeas corpus petition.

Petitioner filed his initial federal habeas corpus petition in July 1996.  After exhausting certain additional claims before the California Supreme Court, petitioner filed an amended petition in this court in September of 1999.  Eventually, petitioner filed a motion for evidentiary hearing with respect to various claims in his amended petition.  One of those claims upon which petitioner moved for an evidentiary hearing was his ninth claim that his trial counsel rendered ineffective assistance in failing to conduct a timely and thorough investigation of his personal history and mental state.[1]

While that motion for evidentiary hearing was pending before this court, the United States Supreme Court issued a decision holding that the execution of mentally retarded persons constituted cruel and unusual punishment prohibited by the Eighth Amendment.

---

[1] In support of that claim, petitioner alleged in his amended petition in considerable detail that had his trial counsel conducted an appropriate investigation he would have readily obtained evidence that petitioner was: borderline mentally retarded; suffered major mental illness and severe organic brain impairment that diminished his impulse control; abused alcohol, glue, paint and other solvents and numerous drugs at a young age and maintained a pattern of severe chronic substance abuse through adulthood; and attempted suicide several times as an adolescent and young adult. (Am. Pet. at 76, 80-90.)

1  <u>Atkins v. Virginia</u>, 536 U.S. 304, 321 (2002).  Accordingly, within

2  one year of the Supreme Court's decision in <u>Atkins</u>, in June of 2003,

3  petitioner filed another petition for writ of habeas corpus in the

4  California Supreme Court, asserting a claim under <u>Atkins</u>, along with

5  a claim challenging the constitutionality of certain penalty phase

6  jury instructions regarding aggravating circumstances and a claim

7  that his conviction and sentence of death were obtained in violation

8  of international law.  The California Supreme Court denied that

9  petition by order filed June 29, 2005.  In its entirety, the

10  California Supreme Court's order stated as follows:

11          The petition for writ of habeas corpus filed on
           June 19, 2003, is denied.
12
           Each claim is denied on the merits for failure to
13         state a prima facie case for relief.

14         The denial as to Claim I (<u>Atkins v. Virginia</u>
           (2002) 536 U.S. 304) is without prejudice to
15         filing a new petition and supporting
           documentation to comply with the requirements of
16         <u>In re Hawthorne</u> (2005) 35 Cal.4th 40.

17  (Decl. of Andrea G. Asaro in Supp. of Mot. for Leave to Amend, Ex.

18  A.)

19          After failing to obtain a stipulation permitting amendment,

20  petitioner now moves the court for an order granting him leave to

21  file a second amended petition to include the <u>Atkins</u> and

22  international law claims as well as the claim relating to the penalty

23  phase jury instructions on aggravating circumstances.  If the motion

24  for leave to amend is granted with respect to the <u>Atkins</u> claim,

25  /////

26  /////

1  petitioner's counsel has indicated an intent to file a supplemental

2  motion seeking an evidentiary hearing with respect to that claim.[2]

3  ### APPLICABLE LEGAL STANDARDS

4       A petition for habeas relief may be amended "as provided

5  in the rules of procedure applicable to civil actions."  28 U.S.C. §

6  2242.  <u>See also</u> Rule 11, Rules Governing § 2254 Cases, 28 U.S.C.

7  foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent

8  that they are not inconsistent with these rules, may be applied,

9  when appropriate, to petitions filed under these rules.").

10 Therefore, the court looks to Rule 15 of the Federal Rules of Civil

11 Procedure, the rule governing the amendment of civil pleadings, in

12 resolving the pending motion.  <u>See</u> <u>Mayle v. Felix</u>, ___U.S.___,___,

13 125 S. Ct. 2562, 2569 (2005); <u>Withrow v. Williams</u>, 507 U.S. 680, 696

14 n.7 (1993).  Because a responsive pleading has been filed in this

15 case, petitioner may further amend his amended petition "only by

16 leave of court or by written consent of the adverse party; and leave

17 shall be freely given when justice so requires."  Fed. R. Civ. P.

18 15(a).  <u>See also</u> <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186

19

20       [2] At a status conference conducted on December 16, 2005,
   petitioner's counsel requested that the court vacate the submission
21 of the previously filed motion for an evidentiary hearing (Docket No.
   190) so that proceedings on petitioner's motion for leave to amend
22 could be conducted prior to the decision on the motion for an
   evidentiary hearing.  (Mot. for Leave to Amend at 4 n.5.)  The court
23 indicated at that time its intent to grant that request and that
   matter will be addressed below.  As noted, petitioner's counsel also
24 indicated an intent to move for an evidentiary hearing on the <u>Atkins</u>
   claim in the event leave to amend was granted and at that time
25 request that the motion for an evidentiary hearing, as supplemented
   with respect to the <u>Atkins</u> claim, be addressed by the court in its
26 entirety.

1  (9th Cir. 1987) ("'[r]ule 15's policy of favoring amendments to

2  pleadings should be applied with 'extreme liberality'").  An

3  amendment of a pleading relates back to the date of the original

4  pleading when "the claim or defense asserted in the amended pleading

5  arose out of the conduct, transaction, or occurrence set forth or

6  attempted to be set forth in the original pleading ...."  Fed. R.

7  Civ. P. 15(c)(2).

8        Whether the new claims petitioner seeks to add in his

9  second amended petition relate back to his timely filed petition is

10 central to the resolution of the instant motion.  Pursuant to the

11 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

12 "[f]ederal habeas petitions ordinarily must be filed within one year

13 of the 'date on which the judgment became final by the conclusion of

14 direct review or the expiration of the time for seeking such

15 review.'"  Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005)

16 (quoting 28 U.S.C. § 2244(d)(1)(A)).  Because this case was filed

17 after April 24, 1996, it is governed by AEDPA, 28 U.S.C. § 2254.

18 See Lindh v. Murphy, 521 U.S. 320, 335-36 (1997).  Therefore,

19 petitioner's Atkins, jury instruction and international law claims

20 must relate back to his initial petition to avoid being barred by

21 AEDPA's one-year statute of limitations.

22       The United States Supreme Court recently held that amended

23 habeas claims relate back to timely habeas claims "[s]o long as the

24 original and amended petitions state claims that are tied to a

25 common core of operative facts, relation back will be in order."

26 Mayle, 125 S. Ct. at 2574.  See also Tate v. LaMarque, No. Civ.S 02-

1  2337 MCE GGH P, 2005 WL 3020047 *6 (E.D. Cal. Nov. 9, 2005);

2  Gonzales v. Terhune, No. C 03-1565 THE, 2006 WL 83054 *16 (N.D. Cal.

3  Jan 12, 2006).

4  **ANALYSIS**

5  　　　Turning first to petitioner's Atkins claim, which appears

6  as his Twenty-second Claim for Relief in the proposed second amended

7  petition, respondent does not dispute that this claim relates back

8  to the timely filed petition.  It is clear that petitioner's Atkins

9  claim is based on the same factual allegations pled in his first

10  amended petition in support of his ninth claim in his amended

11  petition alleging ineffective assistance of counsel.  In this

12  regard, that claim in the first amended petition alleges detailed

13  facts with respect to petitioner's mental illness, attempted

14  suicides, frontal lobe impairments, developmental disabilities,

15  substance abuse and borderline mental retardation.  These are

16  precisely the same factual allegations upon which petitioner's

17  Atkins claim is predicated.  Therefore, petitioner's ineffective

18  assistance of counsel claim (i.e., the Ninth Claim for Relief in the

19  first amended petition) and his Atkins claim "are tied to a common

20  core of operative facts" and relation back is in order.  Mayle, 125

21  S.Ct. at 2574.

22  　　　Respondent challenges petitioner's motion to amend with

23  respect to the Atkins claim only on the grounds that the claim is

24  not exhausted.  Respondent bases that contention on the California

25  Supreme Court's denial of petitioner's Atkins claim "without

26  prejudice to filing a new petition and supporting documentation to

6

1  comply with the requirements of <u>In re Hawthorne</u> (2005) 35 Cal. 4th

2  40."[3]  Respondent argues that such language indicates that petitioner

3  failed to present his claim in the manner directed by California law

4  and that until he does so, his <u>Atkins</u> claim is unexhausted.

5  Respondent's argument is unpersuasive.

6  Despite indicating that the denial of petitioner's most

7  recent state habeas petition was without prejudice, the California

8  Supreme Court nonetheless stated that "[e]ach claim is denied on the

9  merits for failure to state a prima facie case for relief."  Such

10  language is compelling with respect to exhaustion in light of Ninth

11  Circuit authority holding that "when the California Supreme Court

12  denies a habeas corpus petition without opinion or citation, <u>or when

13  it otherwise decides on the merits of the petition</u>, the exhaustion

14  requirement is satisfied."  <u>Harris v. Superior Court</u>, 500 F.2d 1124,

15  1128-29 (9th Cir.)(en banc)(emphasis added).  <u>See</u> <u>also</u> <u>Greene v.</u>

16  <u>Lambert</u>, 288 F.3d 1081, 1087 (9th Cir. 2002).

17  Moreover, a comparison of the <u>Atkins</u> claim as presented to

18  the California Supreme Court and the <u>Atkins</u> claim in the proposed

19  second amended petition reveals that the allegations are virtually

20  identical.  Thus, petitioner's <u>Atkins</u> claim has been "fairly

21  presented" to the California Supreme Court which has had a

22  /////

23  /////

24

25  [3] In <u>In re Hawthorne</u>, 35 Cal. 4th 40 (2005), the California
   Supreme Court addressed the procedures to be employed in resolving
26  post-conviction claims of mental retardation.

1  "meaningful opportunity" to consider that claim in the first

2  instance.  Vasquez v. Hillary, 474 U.S. 254, 257 (1986).[4]

3      The Atkins claim was fairly presented to the California

4  Supreme Court which explicitly denied the claim on the merits.  The

5  Atkins claim therefore is exhausted.  Moreover, petitioner's Atkins

6  claim is tied to a common core of operative facts with his

7  ineffective assistance claim presented in his amended petition and

8  therefore relates back to his timely filed petition.  Accordingly,

9  petitioner's motion for leave to amend will be granted with respect

10 to the Atkins claim.

11     Turning to the international law claim, the only issue

12 raised by respondent's opposition is whether that claim (the Twenty-

13 first Claim for Relief in the proposed second amended petition)

14 relates back to petitioner's timely filed petition.  Petitioner

15 argues that the international law claim relates back to his

16 Sixteenth Claim for Relief in his amended petition challenging the

17 constitutionality of California's death penalty statute as well as

18 to his cumulative error claim which appears as the Nineteenth Claim

19 for Relief in the amended petition.  Petitioner points to those

20 previously presented claims and asserts that the same facts alleged

21 in support thereof establish that petitioner's conviction and death

22

23     [4] At oral argument respondent's counsel contended  that the
24 California Supreme Court's denial of the petition "on the merits" did
   not necessarily indicate that the petition was  procedurally proper,
   citing Evans v. Chavis, ___ U.S.___, 126 S.Ct. 846 (2006).  That
25 argument, however, does not relate to respondent's contention that
   the Atkins claim is unexhausted, which is the sole basis upon which
26 respondent opposes the motion to amend with respect to that claim.

sentence were obtained in violation of international law.  The court
finds petitioner's argument persuasive.

Petitioner is not alleging any new facts in support of his
international law claim.  Rather, the claim is that the facts
previously alleged in connection with earlier claims support a claim
based on a new, additional legal theory.  Such circumstances compel
the application of the relation back doctrine, for "[s]o long as the
original and amended petitions state claims that are tied to a
common core of operative facts, relation back will be in order."
Mayle, 125 S.Ct. at 2574 & n.7 (citing 3 J. Moore, et al., Moore's
Federal Practice § 15.19[2], p. 15-82 (3d ed. 2004) (relation back
ordinarily allowed "when the new claim is based on the same facts as
the original pleading and only changes the legal theory")).  For
these reasons, petitioner's motion for leave to amend will be
granted with respect to his violation of international law claim as
well.

However, the court is not persuaded by petitioner's
contention that his proposed claim with respect to penalty phase
jury instructions relates back to his cumulative error claim.
Unlike the international law claim, petitioner's proposed penalty
phase jury instruction claim depends on allegations of facts
relating to the trial court's alleged failure to instruct the jury
regarding aggravating circumstances that are wholly new and
different than those alleged in his timely filed petition.
Moreover, the claim that certain penalty phase jury instructions
were constitutionally infirm is not based simply on a new legal

1  theory.  Therefore, petitioner's motion for leave to amend will be

2  denied with respect to the jury instruction claim.  See Mayle, 125

3  S. Ct. at 2566 (rejecting argument that amended claims relate back

4  simply because original petition and amended pleading "arose from

5  the same trial and conviction").

6                              **CONCLUSION**

7          For the reasons set forth above, IT IS HEREBY ORDERED

8  that:

9          1.  Petitioner's motion for leave to file a second amended

10 complaint is granted in part and denied in part;

11         2.  The motion is granted with respect to the Atkins claim

12 and the international law claim (i.e., the proposed Twenty-second

13 and Twenty-first Claims for Relief);

14         3.  The motion is denied with respect to the jury

15 instruction claim (i.e., the proposed Nineteenth Claim for Relief);

16         4.  Petitioner's Second Amended Petition for Writ of

17 Habeas Corpus shall be filed and served within seven (7) days of the

18 date of this order;

19         5.  Respondent's response is due within forty-five (45)

20 days of being served with the second amended petition;

21         6.  A telephonic status conference is **SET** for **April 28,**

22 **2006,** at **11:30 a.m.,** at which time the parties shall be prepared to

23 discuss the future scheduling of this action.  The parties shall

24 contact Pete Buzo at (916) 930-4128 to arrange telephonic appearance

25 or to re-set the status conference hearing if necessary; and

26 /////

1          7.  The submission of petitioner's previously filed motion

2    for evidentiary hearing (Doc. no. 190) is vacated and that motion

3    will stand re-submitted in its entirety in connection with

4    petitioner's anticipated supplemental motion for evidentiary hearing

5    discussed herein.

6    DATED: March 3, 2006.

7

8    _____
     DALE A. DROZD
9    UNITED STATES MAGISTRATE JUDGE

10

11   DAD:th
     capital\espinoza1665.order.amend
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11