UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO ESPINOZA,

                                    NO. CIV. S-94-1665 LKK/DAD

        Petitioner,

    v.                                    O R D E R

STEVEN ORNOSKI,

        Respondent.
_____/

    Pending before the court is respondent's motion to reconsider the Magistrate Judge's March 3, 2006 order, granting petitioner's request for leave to file a second amended writ of habeas corpus petition to include two new claims, the proposed Twenty-first and Twenty-second claims for relief. Respondent explains that it does not challenge the Magistrate Judge's order granting the request for leave to amend, but does "object to the Magistrate Judge's conclusion within the order that petitioner's claim under Atkins is exhausted." Mot. to Reconsider at 6. I cannot agree. Having reviewed the Magistrate Judge's Order ("Mag. Order"), respondent's motion to reconsider must be DENIED.

1

**I.   MOTION TO RECONSIDER STANDARDS**

The standard employed by the district court in reviewing decisions of the magistrate judge depends upon the character of the underlying decision. Non-dispositive pre-trial motions referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) are reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). On the other hand, a magistrate judge's determination concerning matters referred pursuant to 28 U.S.C. § 636(b)(1)(B) are for the most part reviewed de novo. Thus, the district court reviews de novo those portions of the proposed findings of fact to which objection has been made, 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir.1981), cert. denied, 455 U.S. 920, 102 S.Ct. 1277 (1982), and the magistrate judge's conclusions of law. Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983)). The court may, however, assume the correctness of that portion of the proposed findings of fact to which no objection has been made and decide the motion on applicable law. See United States v. Remsing, 874 F.2d 614, 617 (9th Cir.1989)(citing Orand v. United States, 602 F.2d 207, 208 (9th Cir.1979)).

**II.**

**DISCUSSION**

This matter is before the court because respondent asserts

that the Magistrate Judge erred in concluding that petitioner's Atkins claim is exhausted. The procedural background of this case is somewhat complicated, and because the Magistrate Judge's order sets forth this background, no purpose is served by repeating it here. See Order at 2-4. I turn only to respondent's insistence that petitioner failed to exhaust his Atkins claim before the California Supreme Court and repeat only those facts that are necessary to the adjudication of this motion.

As explained by petitioner, within one year of the Supreme Court's decision in Atkins v. Virginia, 536 U.S. 304, 321 (2002), petitioner filed a petition for writ of habeas corpus in the California Supreme Court, asserting a claim under Atkins, along with a claim challenging the constitutionality of certain penalty phase jury instructions regarding aggravating circumstances and a claim that his conviction and sentence of death were obtained in violation of international law. See Mag. Order at 3. The California Supreme Court denied that motion by order filed June 29, 2005. The Supreme Court's Order stated in its entirety:

> The petition for writ of habeas corpus filed on June 19, 2003, is denied.
>
> Each claim is denied on the merits for failure to state a prima facie case for relief.
>
> The denial as to Claim I (Atkins v. Virginia)(2002)(536 U.S. 304) is without prejudice to filing a new petition and supporting documentation to comply with the requirements of In re Hawthorne (2005) 35 Cal.4th 40.

///

3

Based on this language, respondent argues that petitioner has not exhausted all available state court remedies because "the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation." Mot. to Reconsider at 5-6. Respondent maintains that petitioner "retains the right under state law to return to state court and properly plead a case of cruel and unusual punishment based on his mental retardation within the meaning of Atkins." Id. at 6. Respondent's argument does not lie.

As the Magistrate Judge pointed out in his order, the Circuit made clear in Harris v. Superior Court, 500 F.2d 1124 (9th Cir. 1974) that an ambiguity of this character is a decision on the merits. In Greene v. Lambert, 288 F.3d 1081, 1087 (9th Cir. 2002), the Ninth Circuit further explained than when faced with "cryptic" opinions issued by a state supreme court, particularly "so-called postcard denial[s]," courts must construe a "bare postcard denial from the California Supreme Court as a decision on the merits, for purposes of the exhaustion requirement, unless that court expressly relied on a procedural bar" (citing Harris, supra). The court held that although a state supreme court's decision may be ambiguous, the Ninth Circuit has "adopted a plausible construction that it acted on the merits of a claim presented to it." Id.[1]

---

[1] The Ninth Circuit noted that "in the context of procedural default, the [Supreme] Court recognized a presumption in favor of federal habeas jurisdiction when a state court's decision is ambiguous..." Greene, 288 F.3d at 1087 n. 4 (citing Coleman v. Thompson, 501 U.S. 722 (1991)). Citing Coleman, the appellate court explained that "unless a state court clearly and expressly

4

Given the Ninth Circuit's decision in <u>Harris</u> and <u>Greene</u>, the Magistrate Judge correctly noted that the California Supreme Court's order that "[e]ach claim is denied on such merits for failure to state a prima facie case for relief is compelling with respect to exhaustion..." Mag. Order at 7 (internal quotations omitted). As noted previously, on a motion to reconsider, a magistrate judge's order is reviewed by this court under a clearly erroneous or contrary to law standard. <u>See</u> 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980). Respondent has failed to demonstrate to this court that "clear error" has been committed by the magistrate judge or that there are some changed circumstances which warrant this court's reconsideration of the matter.

Accordingly, respondent's motion to reconsider must be DENIED.

IT IS SO ORDERED.

DATED: September 5, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

relies on an independent and adequate state ground, a federal court may address the merits of the habeas petition." <u>Id</u>.

5