UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESPINOZA, | No. 2:94-cv-1665 JAM DB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| WARDEN, San Quentin State Prison, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner is a condemned state prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On June 15, 2018, the undersigned heard argument on petitioner's motions to amend the petition and to stay this action. Assistant Federal Defenders Lissa Gardner and Kelly Culshaw appeared for petitioner. Deputy Attorney General Sean McCoy appeared for respondent. After hearing the arguments of counsel, and good cause appearing, the undersigned recommends below that petitioner's motions be granted.

**BACKGROUND**

Petitioner initiated this action in 1994 to challenge 1982 convictions for first degree murder and rape and a death sentence. Because this case has a long history in both this court and the California Supreme Court, the court sets out below only the case history relevant to the present motions.

////

Petitioner filed his first habeas petition here on July 15, 1996.  (ECF No. 83.)  Because the petition contained some unexhausted claims, the case was stayed from March 1997 to May 1999 to permit petitioner to exhaust those claims in the California Supreme Court.  (See ECF Nos. 123, 126.)  On September 30, 1999, petitioner filed an amended petition.  (ECF No. 140.)   In early 2000, respondent filed an answer and a supplemental answer.   (ECF Nos. 144, 148.)   In April 2002, petitioner filed a motion for an evidentiary hearing.  (ECF No. 190.)

In 2003, petitioner filed another habeas petition in the California Supreme Court.  Relying on a 2002 decision of the United States Supreme Court in Atkins v. Virginia, 536 U.S. 304, petitioner alleged, among other things, that his execution would violate the Eighth Amendment because he is intellectually disabled.  The California Supreme Court denied that petition in June 2005.[1]  In March 2006, petitioner filed a second amended petition here.  (ECF No. 214.)  Respondent filed an answer in July 2006.  (ECF No. 226.)  Those are, currently, the operative pleadings.

In October 2006, petitioner filed a renewed motion for an evidentiary hearing.  (ECF No. 228.)  In 2011, before any ruling on the motions for evidentiary hearing, the court ordered the parties to brief the effects on this case of the United States Supreme Court's 2011 decision in Cullen v. Pinholster, 563 U.S. 170.

In February 2016, the court granted petitioner's prior attorneys' requests to withdraw and appointed the Office of the Federal Defender to represent petitioner in this action.  (ECF No. 261.)

On February 27, 2018, petitioner filed a third state habeas petition with the California Supreme Court.[2]  He again alleges that petitioner has an intellectual disability, making him ineligible for execution under Atkins (the "Atkins claim").  In addition, petitioner claims that because he is permanently incompetent due to mental illness, he may not be executed under Ford v. Wainwright, 477 U.S. 399, 417, 421-22 (1986) (the "Ford claim").  Accompanying his state

---

[1] The docket for this case, no. S116824, is available at:  http://appellatecases.courtinfo.ca.gov.

[2] It is case no. S247296.  See n. 1, supra.

2

petition is new evidence in the form of two expert declarations and documentary evidence. (See ECF Nos. 280-1 to 280-7.)

On May 9, 2018, petitioner moved to amend the federal petition to add evidence to his existing Atkins claim and to add the Ford claim he raised in the California Supreme Court. (ECF No. 280.) Also on May 9, petitioner moved to stay this case pending the California Supreme Court's resolution of the pending state petition. (ECF No. 282.) Respondent does not oppose amending the petition to include the Atkins claim but opposes amendment to add the Ford claim. (ECF No. 285.) Respondent also does not oppose issuance of a stay to permit plaintiff to exhaust the Atkins claim. (ECF No. 284.)

**MOTION TO AMEND**

**I.      Legal Standards**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings in federal habeas corpus. 28 U.S.C. § 2242; Mayle v. Felix, 545 U.S. 644, 649 (2005). Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). However, the Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record. Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past. Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit has interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The factors do not carry equal weight. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Id. However, futility of an amendment can, standing alone, justify denial of a request to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("futility of an

3

amendment can, by itself, justify the denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility"); see also Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing Bonin, 59 F.3d at 845). To avoid the futility bar, petitioner must show relief on his new claims is at least possible. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (amendment only futile if "no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim").

"Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**II.     Analysis**

Respondent does not oppose petitioner's motion to amend his Atkins claim to supplement it. However, respondent argues that the Ford claim is premature and amendment at this time is futile. While the court understands that the Ford claim is not ripe for decision under federal law, Panetti v. Quarterman, 551 U.S. 930, 943 (2007), respondent could identify no prejudice if the court permits amendment of the claim at this time. Further, the court is only permitting amendment of the petition. Resolution of the Ford claim, and, for that matter, any of petitioner's other remaining claims, is not before the court at this time. Accordingly, the court will recommend the motion to amend be granted. However, as requested by petitioner, and unopposed by respondent, the court will further recommend that petitioner be permitted to wait until the California Supreme Court has ruled on his claims before filing an amended petition.

**MOTION FOR STAY/ABEYANCE**

The parties concur that a stay of these proceedings is necessary to permit the California Supreme Court to consider the new evidence petitioner has gathered in support of his Atkins claim. Under Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the court may stay a petition containing exhausted and unexhausted claims where: (1) petitioner shows good cause for his failure to exhaust the claims in state court previously, (2) at least one unexhausted claim is potentially meritorious, and (3) there is no indication the petitioner engaged in intentionally

1 dilatory tactics.  The second and third factors are easily met.  Petitioner has presented significant

2 new evidence in support of his Atkins claim.  This is more than sufficient to show his claim is not

3 "plainly meritless."  Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).  Nor is there any

4 indication petitioner has been intentionally dilatory.  Petitioner's current counsel were appointed

5 just two years ago.  They have uncovered new evidence to support petitioner's claim of

6 intellectual disability and provided an extensive declaration from a mental health expert.  (See

7 Exs. 1-61 to Mot. to Amend (ECF Nos. 280-2 to 280-6).)  Respondent does not contend that

8 petitioner has been dilatory.  (See ECF No. 284 at 6.)

9       The remaining Rhines factor is good cause.  "Good cause" under Rhines is not clearly

10 defined.  The Supreme Court has explained that in order to promote the Anti-terrorism and

11 Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state

12 judgments and reducing delays in federal habeas review, "stay and abeyance should be available

13 only in limited circumstances."  Rhines, 544 U.S. at 277.  In 2014, the Ninth Circuit provided

14 some clarification when it held that "[t]he good cause element is the equitable component of the

15 Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a

16 reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."  Blake

17 v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

18       The instant case presents a somewhat unique situation.  In 2005, when petitioner first

19 raised his Atkins claim in the California Supreme Court, the court denied the claim but invited

20 petitioner to return with additional information to meet the standards for proving an intellectual

21 disability.[3]  Petitioner's current attorneys have provided the California Supreme Court with new

22 evidence, including the declaration of a neuropsychologist that petitioner meets the three

23 diagnostic criteria for "intellectual disability" under Atkins:  (1) significantly sub-average

---

[3] Specifically, the court stated:  "The denial as to Claim I (Atkins v. Virginia (2002) 536 U.S. 304) is without prejudice to filing a new petition and supporting documentation to comply with the requirements of In re Hawthorne (2005) 35 Cal.4th 40."  In Hawthorne, the California Supreme Court held that "[u]pon the submission of an appropriate declaration 'by a qualified expert' (§ 1376, subd. (b)(1)), this court will—as a general rule—then issue an order to show cause returnable in the superior court in which the original trial was held, with directions to hold a hearing on the question of the petitioner's mental retardation."  35 Cal. 4th at 49.

intellectual functioning; (2) significant deficits in adaptive behavior; and (3) these deficits manifested before age 18.  (See Excerpt from State Petition (ECF No. 280-1 at 2-3).)

Both parties agree that the California Supreme Court should have the first opportunity to consider this new evidence.  This court finds that three factors support a finding of good cause under Rhines:  (1) the invitation of the California Supreme Court to petitioner to return with new evidence, (2) the relevance of the evidence recently uncovered by petitioner's counsel, and (3) the concurrence of the parties that exhaustion of the amended Atkins claim is necessary.  This action should be stayed to permit exhaustion of petitioner's amended Atkins claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 280) be granted;
2. Petitioner's motion to stay this case and hold it in abeyance pending the California Supreme Court's consideration of petitioner's pending state habeas petition in case no. S247296 (ECF No. 282) be granted;
3. Petitioner be ordered to notify the court within twenty days of a final decision by the California Supreme Court on his state petition; and
4. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 20, 2018

DB:9
DB/orders-capital/Espinoza stay.or

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

6