UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESPINOZA, | No. 2:94-cv-1665 KJM DB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, San Quentin State Prison, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. §2254.  In an order filed September 21, 2023, this court considered the appropriate procedures for resolving petitioner's counsel's motion to determine incompetency and appoint a guardian ad litem.  (ECF No. 320.)  Citing Chief Judge Mueller's opinion in AT & T Mobility LLC v. Yeager, No. 2:13-CV-0007-KJM-DAD, 2015 WL 4751185, at *3 (E.D. Cal. Aug. 11, 2015), this court found that "notice and a hearing are the minimum [due process] required" in determining a party's competency under Federal Rule of Civil Procedure 17.

This court determined that the first step for considering counsel's motion is a hearing to permit the undersigned to question petitioner about his understanding of the motion.  As made clear in the September 21 order, the purpose of this hearing is only to provide petitioner with notice and to ask whether he consents to the appointment of a guardian ad litem.  This hearing is

not intended to provide the court with information to resolve the question of petitioner's competency. In the order, this court also discussed the steps that may follow the notice hearing: holding a hearing to take evidence; appointing an expert to examine petitioner; and appointing counsel for petitioner for purposes of counsel's motion.

Following issuance of the September 21 order, Ms. Gardner, petitioner's counsel, filed two documents. The first, entitled "Petitioner's Third Supplemental Authorities," sets out standards for determining competency, argues, again, that petitioner is not competent, and seeks appointment of an expert to examine petitioner before the court holds any sort of hearing. Counsel has not moved for reconsideration of the September 21 order. Therefore it remains in effect. And, in any event, this court does not find an expert evaluation necessary before the court simply provides petitioner notice of his counsel's motion. With respect to Ms. Gardner's arguments regarding the merits of her motion, they are unnecessary and premature. Ms. Gardner has already submitted briefing in support of her motion. If the court finds further briefing would be helpful, it will order it.

Ms. Gardner's second filing proposes questions for this court to ask petitioner during the notice hearing. This court will consider and use those suggested questions as appropriate.

Court staff continues to finalize a date for the notice hearing. The court will issue an order formally setting the hearing shortly.

IT IS SO ORDERED.

Dated: October 18, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:9/DB prisoner inbox/capital/Espinoza.comp notice hrg(2)

2