UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESPINOZA, | No. 2:94-cv-1665 KJM DB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. §2254.[1] Before the court is petitioner's counsel's motion to have petitioner declared incompetent and for appointment of a guardian ad litem under Federal Rule of Civil Procedure 17. (ECF No. 309.) Respondent has informed the court that they take no position on the motion. (ECF No. 323.) After hearing petitioner's counsel's argument, this court determined that the appropriate first step in considering counsel's motion was to conduct an in-person hearing to question petitioner about his understanding of these proceedings and whether he consents to the appointment of a guardian ad litem (the "notice hearing"). This court also noted

---

[1] When petitioner filed this action, he was under a sentence of death. In 2018, petitioner filed a state habeas petition raising the issue of his competency to be executed. In May 2022, the parties stipulated to have petitioner's death sentence vacated. The superior court accepted that stipulation. Petitioner is now serving a sentence of life without the possibility of parole. (See ECF No. 292-1.)

1

1  that the expert evaluations relied upon by petitioner's counsel were conducted in 2017.  Because
2  the issue before the court is petitioner's present competency, a current evaluation would be
3  required and this court found that it would likely appoint an independent expert to render an
4  opinion for the Rule 17 determination.  (ECF No. 320.)  After conducting the notice hearing at the
5  California Medical Facility, this court affirmed that appointment of a neutral expert is necessary
6  to consider petitioner's counsel's motion.  (See ECF No. 329.)

7  The court directed the parties to confer and, if possible, jointly propose an expert for
8  appointment.  The parties have proposed appointment of psychiatrist Dr. Hira Hanif.  (ECF No.
9  330.)  This court has reviewed Dr. Hanif's credentials and experience and has determined that
10 appointment of Dr. Hanif is appropriate.  Dr. Hanif has consented to the appointment.

11 The court appoints Dr. Hanif under Federal Rule of Evidence 706.  Rule 706 provides for
12 appointment of an expert on the court's own motion.  As set out in subsection (b), the court
13 determines the expert's duties.  Subsection (c) provides for reasonable compensation of the
14 expert.  In a civil case, "compensation is payable . . by the parties in the proportion and at the
15 time that the court directs--and the compensation is then charged like other costs." Fed. R. Civ.
16 P. (c)(ii).

17 This court finds that both parties should bear the cost of the expert's work.  Petitioner
18 should bear part of the cost because a current expert report is necessary to consider petitioner's
19 counsel's motion.  Respondent should also bear part of the cost of the expert's work.  While
20 respondent does not take a position on the motion, the government has an interest in the just
21 resolution of these proceedings.  If petitioner is incompetent to assist his counsel, appointment of
22 a guardian ad litem to represent petitioner's interests is necessary to the fair resolution of the
23 issues in this case.  This court will direct petitioner's counsel and respondent to evenly split the
24 costs of the expert's fees.

25 In the order clause below, this court lists the documents Dr. Hanif shall review.  They
26 include plaintiff's mental health records for the last two years, records of recent Keyhea
27 proceedings, and the reports of Drs. Morenz and Llorente attached as exhibits to the 2018
28 amendment to the petition.  If Dr. Hanif feels additional documents are required, he shall contact

1 the court. Dr. Hanif shall also examine petitioner at a time to be determined and provide a written report to the court regarding petitioner's present mental health, petitioner's mental health prognosis, and petitioner's competency to assist counsel in these proceedings.

In a civil case, determinations of competency are governed by Federal Rule of Civil Procedure 17. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The federal court looks to state law competency standards. See Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, No. C 09–04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)). While Dr. Hanif should be cognizant of this standard, this court expressly does not delegate the court's ultimate legal conclusion to Dr. Hanif.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The court appoints Dr. Hira Hanif as a neutral expert to assist the court under Federal Rule of Evidence 706. The parties shall each bear half the cost of Dr. Hanif's fees.
2. Along with a copy of this order, the Clerk of the Court shall send electronic copies of the following documents to Dr. Hanif at Hira.Hanif@ucsf.edu:
   a. The 2017 reports of Drs. Barry Morenz and Antolin M. Llorente. (ECF No. 280-6.)
   b. The CDCR mental health records attached as an exhibit to the 2018 amendment to the petition. (ECF No. 280-2 at pp. 198-276.)
   c. The records of petitioner's January 2021 Keyhea proceedings. (ECF No. 304-1.)
   d. The records of petitioner's January 2023 Keyhea proceedings. (ECF No. 316-1.)
3. Within twenty days of the date of this order, the custodian of records, or other appropriate official, at the California Medical Facility shall forward to the court and to Dr. Hanif copies of petitioner's mental health records from January 2022 to the present. Records should be emailed to dborders@caed.uscourts.gov and Hira.Hanif@ucsf.edu.

////

3

4. The Clerk of the Court is directed to serve a copy of this order on the litigation coordinator at the California Medical Facility.  The litigation coordinator shall provide a copy of this order to the custodian of records, or other appropriate official, within five days of service.

5. If respondent or counsel for petitioner feel additional records should be provided to Dr. Hanif, they shall file a request describing those records and providing a brief explanation of their necessity.

DATED:  March 25, 2024

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:9
DB prisoner inbox/capital/S/Espinoza appt expert

4