UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESPINOZA,<br><br>               Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>               Respondent. | No. 2:94-cv-1665-KJM-DB<br><br>ORDER |

        Petitioner is a state prisoner represented by counsel in the Office of the Federal Public Defender's Office for the Eastern District of California. In March of this year, the Magistrate Judge issued an order appointing an independent expert under Federal Rule of Evidence 706. MJ Order, ECF No. 331. The expert will assess whether petitioner is competent for purposes of Federal Rule of Civil Procedure 17, which requires a district court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented" by a general guardian, committee, conservator or like fiduciary. Fed. R. Civ. P. 17(c)(2).

        The Magistrate Judge determined that "both parties should bear the costs of the expert's work," petitioner because his counsel's motion necessitated the expert's work, and respondent because "the government has an interest in the just resolution of these proceedings." MJ Order at 2. More specifically, the Magistrate Judge specifically directed "petitioner's counsel and

1

respondent to evenly split the costs of the expert's fees." *Id.* Petitioner's counsel does not object to the Magistrate Judge's decision to appoint an independent expert. She asks this court, however, to reconsider the Magistrate Judge's decision to make her responsible for any portion of the expert's fees. *See generally* Mot. Recons., ECF No. 332. Respondent has not taken a position.

The Federal Rules give the Magistrate Judge authority to divide the independent expert's costs between the parties. Under Federal Rule of Evidence 706, a court-appointed expert "is entitled to a reasonable compensation, as set by the court." Fed. R. Evid. 706(c). In this case, "the compensation is payable . . . by the parties in the proportion and at the time that the court directs—and the compensation is then charged like other costs." Fed. R. Evid. 706(c)(2). That is, the court may order the parties to pay an independent expert's fees immediately, before the case concludes; it may allocate the fees between or among the parties in the proportion it chooses; and the prevailing party may ask the court to tax its share of the independent expert's costs to the other party at the conclusion of the case. *See* 28 U.S.C. § 1920(6); Fed. R. Civ. P. 54(d); *see also* Victor J. Gold, 29 Fed. Prac. & Proc. § 6305 (2d ed. 2016, Apr. 2023 Update).

Petitioner is proceeding in forma pauperis. *See* Order (Oct. 31, 1994), ECF No. 4. Courts have sometimes hesitated to appoint an independent expert when one party is indigent. *See, e.g.*, *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.), *judgment vacated on other grounds*, 502 U.S. 903 (1991), *reinstated*, 959 F.2d 853 (9th Cir. 1992), *and aff'd*, 509 U.S. 25 (1993). The Ninth Circuit and other federal courts have held, however, that Rule 706 is not so inflexible. District courts have ample tools at their disposal if an independent expert's opinion is necessary but one party is indigent. They can allocate all of the expert's costs to another party at the outset. *See id.* They can order one party to advance the expert's fees, then decide after judgment whether to excuse an "impecunious" party from paying its share. *Webster v. Sowders*, 846 F.2d 1032, 1038 (6th Cir. 1988); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1058 (8th Cir. 1984). Or they can advance the expert's costs from the court's own funds and later determine how to tax those costs between the parties. *Williams v. Lawson*, No. 21-5536, 2023 WL 8545277, at *2 (W.D. Wash. Dec. 11, 2023).

Rule 706 refers to the "parties," not to their counsel, when it specifies who may be ordered to pay for an independent expert's fees. Different rules permit the court to impose costs or fees on attorneys. Those rules are not relevant in these circumstances. *Cf.* Fed. R. Civ. P. 11(c), 37(b). A federal statute also permits courts to order attorneys and others to pay "costs" and "expenses," but only if that attorney multiplied the proceedings "unreasonably and vexatiously," and the court can require the attorney to pay only the "excess" costs and expenses attributable to the attorney's unreasonable or vexatious actions. *See* 28 U.S.C. § 1927; *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5 (2017) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Beyond statutes and rules, district courts have inherent authority to impose costs or fees on attorneys as well, but again, only if the attorney "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)), and the award must be limited to whatever fees or expenses were caused by that misconduct, *see Goodyear*, 581 U.S. at 108.

Here, the Magistrate Judge did not cite any rule or statute beyond Rule 706. Nor did she find petitioner's counsel has acted unreasonably, vexatiously or in bad faith. This court perceives no such misconduct. The Magistrate Judge's order also imposes unequal burdens: it allocates the expert's costs to petitioner's counsel but not to respondent's counsel and to respondent but not to petitioner. MJ Order at 2. For these reasons, the court concludes that the Magistrate Judge's order is contrary to law and grants the motion to reconsider. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The court need not and does not decide whether any federal statutes bar an award of fees or costs imposed on the Office of the Federal Defender. Nor is it necessary to consider now whether imposing any costs directly on the Office of the Federal Defender would create the appearance of any impropriety or bias. *See* Mot. Recons. at 4–5 (advancing these arguments).

Petitioner's counsel proposes that the court advance the independent expert's reasonable fees from its non-appropriated funds or from funds made available under the Civil Justice Act.

*See id.* at 5–6.  The Magistrate Judge is in a superior position to consider these alternatives, in addition to those noted above, along with any others permitted by Rule 706(c).

In sum, the motion to reconsider (ECF No. 332) is **granted**.  The court will not allocate the costs of the independent expert between petitioner's counsel and respondent.  The matter is **referred back to the Magistrate Judge** for further proceedings consistent with this order, including whether and how the expert's expenses should be allocated between the parties directly or advanced from the court's non-appropriated funds or other funds, in each instance subject to taxing after further litigation.

IT IS SO ORDERED.

DATED:  May 10, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE