UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESPINOZA, | No. 2:94-cv-1665-KJM-SCR |
| Petitioner, | |
| v. | ORDER AND |
| DANIEL E. CUEVA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. These proceedings have been referred to the magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner filed this case when he was condemned to death by execution. He has since been resentenced to life without the possibility of parole on account of his long-standing mental disorders. Pending before the court is petitioner's counsel's motion to determine incompetency and for the appointment of a guardian ad litem. ECF No. 309. For the reasons explained in further detail below, the undersigned recommends granting the motion and appointing petitioner a guardian ad litem for all further proceedings in this court.

**I.      Factual and Procedural History**

Due to the age of this case, the procedural history recounted herein is limited to only the prior proceedings that are relevant to the pending motion.

1

1         In 2018, petitioner moved to stay these proceedings during the litigation of his state court habeas petition (the "state petition") to vacate his death sentence on the ground that he is incompetent to be executed under Atkins v. Virginia, 536 U.S. 304 (2002). ECF No. 282. The court granted petitioner's motion and stayed the federal case. ECF No. 289. The California Supreme Court transferred the state petition to the San Joaquin County Superior Court. After the Superior Court issued an order for respondent to show cause why the state petition should not be granted, the parties entered into a stipulation to vacate petitioner's death sentence. ECF No. 309-2. On June 6, 2022, the San Joaquin Superior Court accepted that stipulation and sentenced petitioner to life without the possibility of parole for his first degree murder convictions. ECF No. 309-1 (Report of Indeterminate Sentence). After being informed of the conclusion of petitioner's state court proceedings, this court lifted the stay of this federal case. ECF No. 298.

         In petitioner's motion to determine competency, filed on June 15, 2023, counsel indicates that "[p]etitioner is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." ECF No. 309 at 3. Specifically, counsel for petitioner submitted evidence that petitioner has severe medical disorders that affect his mental health, including chronic schizophrenia, intellectual disability, and an adrenal/pituitary condition that has resulted in two surgeries to remove brain tumors. Petitioner has periodically been under involuntary medication orders ("*Keyhea* orders") pursuant to California Penal Code §2602. ECF No. 309 at 3. A state court also found Petitioner incompetent to make medical decisions in 2013. See ECF No. 280-2 at 103-04. Petitioner's counsel further seeks the appointment of attorney John Mills as a guardian ad litem pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. ECF No. 309-1 at 7-9.

         As it pertains to the pending motion concerning petitioner's competency and the appointment of a guardian ad litem, respondent takes no position and has not filed any pleading in response thereto. See ECF No. 309 at 5.

         The previously assigned magistrate judge heard oral argument on the motion on August 25, 2023. ECF No. 317. Respondent waived his personal presence at the hearing. By order

2

1   entered on September 21, 2023, the magistrate judge determined that an in person hearing was
2   necessary to provide petitioner with notice of the competency proceedings before this court and to
3   inquire into petitioner's understanding of these proceedings and whether he consents to the
4   appointment of a guardian ad litem. ECF No. 320 at 3 (citing AT & T Mobility LLC v. Yeager,
5   No. 2:13-CV-0007-KJM-DAD, 2015 WL 4751185, at *3 (E.D. Cal. Aug. 11, 2015) (citations
6   omitted)).

7   The magistrate judge convened an in-person hearing with petitioner at the California
8   Medical Facility ("CMF") on December 4, 2023. ECF No. 328; see also ECF No. 336 (transcript
9   of hearing). Following that hearing, the court appointed a neutral expert for the purpose of
10  evaluating Mr. Espinoza's current competency and ability to assist counsel in these proceedings.
11  ECF No. 331 (Order appointing Dr. Hira Hanif). The case was then reassigned to the
12  undersigned magistrate judge. ECF No. 338. When the originally-appointed expert became
13  unavailable, the court appointed another expert, Dr. Hwa Soo Hoang. ECF No. 338 (Order
14  appointing Dr. Hwa Soo Hoang). In addition to rendering an opinion based on the general
15  competency standard, the court tasked Dr. Hoang with specifically evaluating whether Mr.
16  Espinoza has the present ability to assist counsel with any further factual investigations that may
17  be necessary, and, in deciding whether to move forward with each of his guilt phase claims. ECF
18  No. 343.

19  **II.    Dr. Hoang's Competency Report**

20  Dr. Hoang traveled to the California Medical Facility where petitioner is incarcerated on
21  January 28, 2025 and February 20, 2025, to conduct the court ordered competency evaluation of
22  Mr. Espinoza. Report at 1.[1] During the course of these visits, Dr. Hoang spent approximately
23  two-and-a-half hours with petitioner. Report at 1. Dr. Hoang also reviewed numerous collateral
24  sources of information, including petitioner's mental health treatment records dating as far back
25  as 2002. Report at 4-12. As relevant to the pending competency issue, Dr. Hoang noted that

---

[1] As the Competency Report was submitted to the court via email from Dr. Hoang and will be filed under seal, there is no ECF pagination to cite to at the present. All citations are to the internal pagination within the Report itself that appears in the top left corner of each page.

3

"[g]iven Mr. Espinoza's long documented history of psychosis… the diagnosis of Schizophrenia better represents the totality of Mr. Espinoza's psychiatric symptoms history to the current." Report at 5. A separate neuropsychological evaluation of petitioner conducted in December 2017, reviewed by Dr. Hoang, indicated that Mr. Espinoza's Full Scale I.Q. was 60. This placed him in the bottom one percentile and in the "extremely low" or "impaired" range of intellectual functioning. Report at 7 (citing Wechsler Adult Intelligence Scale-Fourth Edition). The clinical interview conducted by Dr. Hoang demonstrated that "Mr. Espinoza's thought process was highly literal and seemed unable to go beyond rudimentary reasoning seen in children in early elementary school settings. Mr. Espinoza's thought contents were themed around his Christianity as well [as] his delusion of the 2 victims of his and his accomplice's crime being spared from death by divine intervention, and being currently alive." Report at 15-16. Additionally, Dr. Hoang noted that Mr. Espinoza "showed evidence of auditory hallucination during the interviews while discussing how 'God and Satan talks'" to him. Report at 16. As relevant to the present habeas challenge, Dr. Hoang traced back petitioner's delusions about the victims in this case to a psychiatric evaluation conducted in 2018. Report at 9. Overall, Dr. Hoang indicated that petitioner's "judgment regarding his legal situation seemed poor. His insight regarding his mental illness and legal situation were poor to absent." Report at 16.

Based on this information and clinical data, Dr. Hoang concluded, within a reasonable degree of medical probability, that Mr. Espinoza meets the diagnostic criteria for Schizophrenia, Multiple Episodes, in partial remission, as well as an Intellectual Disability that is mild to moderate.[2] Report at 1-3. Despite being administered "a powerful antipsychotic medication called clozapine," Mr. Espinoza still harbors "the persistent delusional belief that the victims of his crime have been spared from death by divine intervention and are currently alive." Report at 2. As a result, Mr. Espinoza "does not possess the ability to assist counsel with any further factual investigations that may be necessary and with decisions regarding whether to move forward with each of his guilt phase claims." Report at 2. His ability to assist his counsel "is

---

[2] Dr. Hoang considered, but ultimately rejected as unlikely, the possibility that Mr. Espinoza was feigning or malingering his symptoms of Schizophrenia. Report at 2-3.

further limited by his Intellectual Disability." Report at 3. Dr. Hoang further opined that Mr. Espinoza "lacks the capacity to understand the nature or consequences of the proceeding due to his current symptoms of Schizophrenia… [which] is further limited by his Intellectual Disability." Report at 3.

### III. Legal Standards

In a civil case, including the instant habeas corpus petition, determinations of competency are governed by Rule 17 of the Federal Rules of Civil Procedure. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (applying Rule 17 in a habeas corpus action). The Ninth Circuit has held a party "is entitled to a Rule 17 competency determination when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. Once evidence has been presented to warrant a competency inquiry, "it is for the court to determine by a preponderance of the evidence whether the petitioner is mentally competent[.]" Mason By and Through Marson v. Vasquez, 5 F.3d 1220, 1225 (9th Cir. 1993). Although federal law furnishes the procedures for determining competency, the substantive standard for competency is derived from the state law where petitioner is domiciled. See In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015); Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, No. 09-cv-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)).[3]

### IV. Analysis

The issue before the court is whether Mr. Espinoza lacks the capacity to understand the nature or consequences of this proceeding in its current posture, or is unable to assist counsel in the preparation of the case. Since his death sentence has been vacated by the state court, petitioner must determine at this juncture what claims to continue to pursue and what claims to

---

[3] In substance, this California standard is no different than the generic standard that has been applied in other habeas proceedings: "the [petitioner's] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation[.]" Mason By and Through Marson, 5 F.3d at 1224 (quoting Rees v. Peyton, 384 U.S. 312, 314 (1966).

5

1  abandon, either because they been rendered moot or for other reasons.  Only petitioner has
2  submitted evidence pertaining to the competency question before the court.  See ECF No. 309,
3  316.  Although respondent was afforded a full opportunity to participate in the competency
4  proceedings before this court, respondent elected to take no position on the matter, as it concerned
5  the relationship between petitioner and his counsel.  Nor has Mr. Espinoza sought to
6  meaningfully contest the issue of competency.[4]  Based on the uncontested nature of the
7  documentary evidence submitted in support of petitioner's motion to be determined incompetent,
8  the court finds it unnecessary to hold an evidentiary hearing on this issue.  There is sufficient
9  record evidence to allow the court to make an independent determination of petitioner's
10 competency and to properly exercise its discretion in the appointment of a guardian ad litem.

   A preponderance of the evidence, including the report prepared by Dr. Hoang, supports a finding that Mr. Espinoza lacks both (1) a rational or factual understanding of the pending habeas proceedings challenging his murder convictions and (2) the ability to consult with counsel with the requisite degree of rational understanding necessary to proceed with further litigation.  See Blair v. Martel, 645 F.3d 1151, 1155 (9th Cir. 2011) (holding that the appropriate standard for determining a capital habeas petitioner's competency is a preponderance of the evidence).  Mr. Espinoza's delusional beliefs concerning the victims of this case render it impossible for him to meaningfully determine how to proceed in these federal habeas proceedings.  Compare Maxwell v. Roe, 600 F.3d 561, 569 (9th Cir. 2010) (emphasizing that there were "signs of irrationality and paranoia when it came" to pursuing a defense to criminal charges that should have raised a doubt about defendant's competency to proceed).[5]  Since Mr. Espinoza believes the victims in this case are still alive, he cannot reasonably consult with his attorney or rationally decide whether to pursue certain habeas claims.

---

[4] At the December 2023 hearing at CMF, Mr. Espinoza initially stated, "I am competent."  ECF 336 at 3:19.  But he offered no particular information that would suggest competence and later stated "I don't mind" when asked if he would "mind having a guardian ad litem to help" him "work with his lawyer[.]"  Id. at 12:11-14.

[5] These irrational and paranoid signs included asking his defense attorney to "turn over evidence that would be helpful to the prosecution," asking to fire his own attorney, and refusing to even listen or attend his own trial.

Mr. Espinoza's delusional beliefs also impair his rational and factual understanding of the pending habeas proceedings. Although Mr. Espinoza firmly believes he did not commit murder or any rape or molestation, his statements to Dr. Hoang fluctuated as to what his appropriate sentence should be for these non-crimes. At one point, he indicated a maximum sentence of 50 years. On a different occasion he indicated 25 to life in prison. He also indicated to Dr. Hoang that he should be released on parole, the charges should all be dropped, or that he should receive a "plea deal." Report at 8, 12. When Dr. Hoang pointed out the inconsistency in his thought process "about the purpose of a plea deal if he were [already] proven innocent of all charges," Mr. Espinoza "appeared puzzled and did not volunteer an answer." Report at 13. He also suggested to Dr. Hoang that he could be released from prison by using the "airwaves through a speaker in the prison" to communicate directly with the Ninth Circuit Court of Appeal. Report at 8. These fluctuating legal mechanisms and outcomes for what Mr. Espinoza believes to be non-crimes further demonstrate to the undersigned that he does not have a rational or factual understanding of the present legal proceedings. Mr. Espinoza's intellectual disability compounds the problem.

Based on these findings, the undersigned concludes that Mr. Espinoza is legally incompetent to proceed. Therefore, the undersigned recommends granting petitioner's counsel's motion for a determination of incompetency. Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, the undersigned further recommends that attorney John Mills be appointed to serve as petitioner's guardian ad litem for all further proceedings in this court.

Accordingly, IT IS HEREBY ORDERED that Dr. Hwa Soo Hoang's competency report dated March 20, 2025 shall be filed under seal *nunc pro tunc* to March 20, 2025, the date that it was submitted electronically to the court.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's counsel's motion to determine incompetency (ECF No. 309) be granted.

2. The court appoint John Mills as petitioner's guardian ad litem in all matters relating to this lawsuit, including, but not limited to the settlement of any or all of his claims.

///

///

3. The services rendered by Mr. Mills as guardian ad litem be compensated and be paid under the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(e), in accordance with rates paid for appointed counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE